FILED
Clerk
District Court
JAN 17 2019
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KSA CORPORATION and IL HWAN KIM,<br><br>Plaintiffs,<br><br>v.<br><br>HUN JIN AN, in his personal capacity; JEONG EUN TAEK, in his personal capacity; JOANN P. HENSLEY, in her personal capacity; OSCAR M. BABAUTA, in his personal capacity; RAMON S. SALAS, in his personal capacity; and DOES 1-10,<br><br>Defendants. | Case No. 1:16-CV-00015<br><br>**DECISION AND ORDER GRANTING MOTION TO WITHDRAW AND SETTING STATUS CONFERENCE** |

Before the Court is a motion filed by the Scoggins Law Office to withdraw from its representation of Plaintiffs KSA Corporation and Il Hwan Kim. (Motion to Withdraw, Jan. 4, 2019, ECF No. 91.) The matter came on for a hearing on January 17, 2019. Mark A. Scoggins and Rene C. Holmes appeared for Scoggins Law Firm. Plaintiff Il Hwan Kim, who lives in Seoul, Republic of Korea and is the sole shareholder of KSA Corporation, did not appear. The only served defendant, Eun Taek Jeong, did not appear.

Mr. Scoggins informed the Court that on October 30, 2018, he sent Mr. Kim an email informing him that because of a conflict of interest, Mr. Kim would have to hire a new Korean interpreter. He did not get a response from Mr. Kim until December 21, when Mr. Kim called with the assistance of a person who spoke some English. Mr. Scoggins emphasized the need for Mr. Kim to hire a professional interpreter. After not hearing back from Mr. Kim, on January 3, 2019,

Mr. Scoggins notified him that the firm was planning to file a motion to withdraw. Mr. Scoggins filed the motion on January 4, 2019, and that same day he emailed a copy to Mr. Kim. On January 11, Mr. Scoggins emailed him notice of the motion hearing set for January 17. Mr. Kim responded that he would be calling the firm the following Monday, January 14. Mr. Scoggins told the Court that Mr. Kim did not call that day and still has not called. Not only have communications been difficult, but Mr. Kim and KSA Corporation have not met their financial obligations to pay the firm for work already performed.

The Court finds that Mr. Kim and KSA Corporation have failed substantially to fulfill their obligations to the Scoggins Law Firm regarding the firm's services, and have been given reasonable warning that the firm planned to withdraw, and that continued representation will result in an unreasonable financial burden on the firm. *See* ABA Model Rule of Professional Conduct 1.16(b)(5), (6). For these reasons, the Court GRANTS the Scoggins Law Firm's Motion to Withdraw as counsel for Mr. Kim and KSA Corporation. The Clerk is directed to terminate the Scoggins Law Firm and attorneys Scoggins and Holmes as counsel for Plaintiffs.

A status conference will be held on **Thursday, January 24, 2019, at 10:00 a.m.,** at which time **Mr. Kim is ordered to appear.** Telephonic appearance will be permitted. Mr. Kim should contact the Clerk's Office for dial-in instructions. It is Mr. Kim's responsibility to arrange for an interpreter, if needed. Defendant Jeong Eun Taek is not ordered to appear but may do so if he so wishes. The Scoggins Law Firm is excused from further appearances in this action.

It is well settled that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202 (1993). Although Mr. Kim may appear pro se and represent himself in this matter, he may not appear for KSA Corporation. Failure to secure new counsel may lead to dismissal of KSA

1 Corporation from this action. *See Bourbeau v. Cognitive Code Corp.,* 693 Fed. Appx. 499, 503 (9th Cir. 2017); Fed.R.Civ.P. 41(b)(plaintiff's failure to prosecute or comply with a court order may be dismissed on defendant's motion).

Scoggins Law Firm is ordered to send a copy of this order to Mr. Kim and KSA Corporation by email and by postal mail, and to file a declaration or other proof that they have done so. The Firm is also reminded of its obligations to former clients upon termination of representation under ABA Model Rule of Professional Conduct 1.16(d).

IT IS SO ORDERED this 17th day of January, 2019.

RAMONA V. MANGLONA
Chief Judge